UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHARLES BURGIN,

                           Plaintiff,

        v.                                                    Case No.: 15-CV-0201S

BUFFALO BOARD OF EDUCATION; FORMER
BUFFALO PUBLIC SCHOOLS SUPERINTENDENT
PAMELA C. BROWN; ASSOCIATE
SUPERINTENDENT BUFFALO PUBLIC SCHOOLS
WILL KERESZIES; DIRECTOR OF SOCIAL STUDIES
BUFFALO PUBLIC SCHOOLS CHARLES BRANDY;
INTERIM SUPERINTENDENT BUFFALO PUBLIC
SCHOOLS DONALD A. OGILVIE; BOARD OF
EDUCATION MEMBER CARL PALADINO; BOARD
OF EDUCATION MEMBER PATRICIA PIERCE;
BOARD OF EDUCATION MEMBER LAWRENCE
QUINN; BOARD OF EDUCATION MEMBER
THERESA HARRIS-TIGG; BOARD OF EDUCATION
MEMBER BARBARA SEALS-NEVERGOLD

                           Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO DISMISS BY DEFENDANT BUFFALO BOARD OF EDUCATION

**HODGSON RUSS LLP**
*Attorneys for Defendant Buffalo Board of Education*
Karl W. Kristoff
Joseph S. Brown
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
716.856.4000

## **TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ...................................................................................1

THE COMPLAINT ....................................................................................................2

SUMMARY OF ARGUMENT ...................................................................................4

ARGUMENT .............................................................................................................6

I.      THE COMPLAINT DOES NOT STATE ANY PLAUSIBLE CLAIM ............................6

II.     THE PLAINTIFF LACKS STANDING .................................................................7

III.    PLAINTIFF'S § 1983 CLAIM FAILS ................................................................8

IV.     TITLE VII APPLIES ONLY TO EMPLOYMENT ..........................................10

V.      THE COMPLAINT DOES NOT PLEAD A TITLE VI CLAIM .....................................12

VI.     PLAINTIFF'S STATE CONSTITUTIONAL
        CLAIMS MUST BE DISMISSED ....................................................................12

VII.    THE STATE LAW TORT CLAIMS MUST BE DISMISSED .......................................13

        A.      Intentional Infliction of Emotional Distress .........................................13

        B.      Fraud .......................................................................................14

        C.      Tortious Interference ..............................................................15

        D.      Declining Pendant Jurisdiction ................................................15

CONCLUSION..................................................................................................177

## <u>TABLE OF AUTHORITIES</u>

PAGE

**FEDERAL CASES**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................6

*Bd. of Regents v. Roth,*
    408 U.S. 564 (1972)..............................................................................8, 9

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................................6

*Caruso v. Massapequa Union Free Sch. Dist.,*
    478 F. Supp. 2d 377 (E.D.N.Y. 2007) ................................................13

*Coakley v. Jaffe,*
    49 F. Supp. 2d 615 (S.D.N.Y. 1999) ............................................12, 13

*Cruz v. Coach Stores, Inc.,*
    202 F.3d 560 (2d Cir. 2000) ...............................................................11

*Delbert v. Duncan,*
    923 F. Supp. 2d 256 (D.D.C. 2013).....................................................11

*Dollinger v. State Ins. Fund,*
    44 F. Supp. 2d 467 (N.D.N.Y. 1999)..................................................11

*Elk Grove Unified Sch. Dist. v. Newdow,*
    542 U.S. 1 (2004).................................................................................8

*Febres v. City of New York,*
    238 F.R.D. 377 (S.D.N.Y. 2006) ........................................................13

*Francis v. City of New York,*
    235 F.3d 763 (2d Cir. 2000) ...............................................................11

*Harlan Assocs. v. Inc. Village of Mineola,*
    273 F.3d 494 (2d Cir. 2001) .................................................................9

*Harris v. Mills,*
    572 F.3d 66 (2d Cir. 2009) ...................................................................6

*Hickock v. Orange Cnty. Cmty. Coll.,*
    472 F. Supp. 2d 469 (S.D.N.Y. 2006) ................................................10

## TABLE OF AUTHORITIES - cont'd

PAGE

*Hills v. Liberty Mut. Ins.,*
    14-CV-03285, 2015 U.S. Dist. LEXIS 33394 (W.D.N.Y. Mar. 18, 2015) ...............................7

*LaTrieste Rest. & Cabaret v. Village of Port Chester,*
    40 F.3d 587 (2d Cir. 1994) ................................................................................................10

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992)............................................................................................................7

*Manolov v. Borough of Manhattan Cmty. Coll.,*
    952 F. Supp. 2d 522 (S.D.N.Y. 2012) ........................................................................7, 10, 16

*Palmer v. Safetec of Am.,*
    11-CV-00702A, 2012 U.S. Dist. LEXIS 101302 (W.D.N.Y. May 31, 2012)............................7

*Patterson v. Xerox Corp.,*
    732 F. Supp. 2d 181 (W.D.N.Y. 2010)...............................................................................11

*Perez de Leon-Garritt v. State Univ. of New York at Buffalo,*
    14-CV-456S, 2014 U.S. Dist. LEXIS 177839 (W.D.N.Y. Dec. 29, 2014) .......................11, 12

*Pinnacle Nursing Home v. Axelrod,*
    928 F. 2d 1306 (2d Cir. 1999) ...........................................................................................12

*Powers v. Ohio,*
    499 U.S. 400 (1991)............................................................................................................8

*Roggenbach v. Touro Coll. of Osteopathic Med.,*
    7 F. Supp. 3d 338, 347 (S.D.N.Y. 2014) ............................................................................12

*Summers v. Earth Island Institute,*
    555 U.S. 488 (2009)............................................................................................................7

*Town of Southold v. Town of East Hampton,*
    477 F.3d 38 (2d Cir. 2007) ................................................................................................12

*TPTCC NY, Inc. v. Radiation Therapy Servs.,*
    453 Fed. Appx. 105 (2d Cir. 2011)....................................................................................16

*Zahra v. Town of Southold,*
    48 F.3d 674 (2d Cir. 1995) ..................................................................................................9

## TABLE OF AUTHORITIES - cont'd

PAGE

STATE CASES

*Freihofer v. Hearst Corp.,*
65 N.Y.2d 135 (1985) ..................................................................................14

*Howell v. New York Post Co., Inc.,*
81 N.Y.2d 115 (1993) ..................................................................................14

*Kassover v. Prism Venture Partners, LLC,*
53 A.D.3d 444 (1st Dep't 2008) ....................................................................15

*Koret, Inc. v. Christian Dior, S.A.,*
161 A.D.2d 156 (1st Dep't 1990) ...................................................................15

*Mandarin Trading Ltd. v. Wildenstein,*
16 N.Y.3d 173 (2011) ..................................................................................14

*Marmelstein v. Kehillat New Hempstead,*
11 N.Y.3d 15 (2008) ....................................................................................14

*Miller Brewing Co. v. State Div. Human Rights,*
66 N.Y.2d 937 (1985) ..................................................................................11

*NBT Bancorp. Inc. v. Fleet/Norstar Fin. Grp., Inc.,*
87 N.Y.2d 614 (1996) ..................................................................................15

FEDERAL STATUTES

28 U.S.C. § 1367(c)(3) ..................................................................................15

31 U.S.C. 370(h) ...........................................................................................3

31 U.S.C. § 370...........................................................................................12

42 U.S.C. 2000d...........................................................................................3

42 U.S.C. § 1983.................................................................................3, 4, 8, 9, 10

42 U.S.C. § 2000e-2(a)(1) ...........................................................................11

42 U.S.C. § 2000e-5(e) and (f) ....................................................................11

42 U.S.C. § 2000e(f) ....................................................................................11

iv

## <u>TABLE OF AUTHORITIES - cont'd</u>

<u>PAGE</u>

**STATE STATUTES**

Title VI of the Civil Rights Act. ...........................................................................3, 12

General Municipal Law § 50-e ................................................................................13

New York Education Law § 3813(2)........................................................................13

State Executive Law § 290 *et seq.* .....................................................................4, 10

Title VII Civil Rights Act of 1964...........................................................................3

**RULES**

Federal Rule of Civil Procedure 8(a)(2) ..................................................................6

Federal Rule of Civil Procedure 9(b).......................................................................14

P.J.I. 3:6, p. 55 ........................................................................................................14

Rule 12(b)(6) ............................................................................................................2

## PRELIMINARY STATEMENT

The Plaintiff's rambling complaint makes a number of charges about the Buffalo Board of Education, past and current administrators, and certain board members. The complaint is long on factual allegations, but bereft of material facts. Plaintiff has not asserted facts that support any of the causes of action he lists, or identified any injury that this Court has the authority to address. Unreturned phone calls, the unwillingness to take his suggestions, and alleged poor board choices about a proposal for a mentoring program simply do not support any of the constitutional or state law tort claims listed. Even with the accommodation afforded *pro se* litigants, a careful reading of the handwritten complaint, and its dozens of exhibits, cannot discern a constitutionally protected property or liberty interest, any negative action based on the Plaintiff's race, or any act of discrimination against him. At most the District did not pursue the mentoring proposal he presented. The complaint should be dismissed.

This Memorandum of Law is submitted on behalf of the defendant Buffalo Board of Education ("Board"). The complaint also names present administrators in the Buffalo City Schools—Interim Superintendent Donald A. Ogilvie, Associate Superintendent Will Keresztes, and Charles Brandy—six current school board members, and former Schools Superintendent Pamela Brown. Those individuals have not been served, and are not represented on this motion. However, the deficiencies in the complaint extend to all defendants, and dismissal as to all defendants would be appropriate.

## THE COMPLAINT

The handwritten complaint[1] contains 71 paragraphs, and includes 22 exhibits,

including a "Notice of Claim," which consists of 24 handwritten pages and additional exhibits.

The Plaintiff states that he is a black male and a resident of Buffalo, that he founded

"Brotherman's Progress Mentors Matter Advocacy Organization" to advocate on "behalf of

black male students and empower them to graduate high school and finish college," (Complaint,

¶ 5), and that he serves as "District Parent Coordinating Counsel Mentor Committee Chairman

for Buffalo Public Schools." (*Id.*, ¶ 6). Plaintiff apparently advocated a specific mentoring

program—the 5000 Role Models of Excellence Project—which was considered, but not pursued,

by the District. (*Id.*, ¶ 49). While extolling the virtues of the 5000 Role Models project, Plaintiff

does not allege that he has a financial or employment interest in the program.

Plaintiff claims that District administrators took improper actions—largely

consisting of not meeting with him and inaccurately reporting on meetings—which led to the

5000 Role Models program not being pursued, and that various administrators and Board

members acquiesced in that decision. (*Id.*) Subsequently various Board members allegedly

refused to accept written materials from him, refused to meet with him, and failed to take steps to

enact the program. It appears that Plaintiff's core complaint is a November 12, 2013 report

prepared by a school administrator, without input from the Plaintiff (Complaint, ¶ 20). A copy

of that report is an attachment to the Notice of Claim (which is an attachment to the complaint).

That document states that Plaintiff was responsible for providing information on the 5000 Role

---

[1]     The Plaintiff's penmanship is at times challenging, and counsel has made every effort to
        interpret the complaint in the light most favorable to the plaintiff, as required by Rule
        12(b)(6).

Models program, that he failed to do so, and that he "ceased all communication."  (Ex. 18 to Notice of Claim).  The report concluded that the program was not recommended for implementation.  Plaintiff throughout the complaint describes the report as "fraudulent," and the majority of his allegations involve the failure of various administrators to investigate the faults in of the report, or to accept his proposals.  But at no time does he claim that he provided the District with the necessary information about the program.

The complaint begins and concludes with a litany of constitutional and statutory claims, and various state law claims.  In the body of the complaint each cause of action is pleaded on information and belief, with the exception of the § 1983 claim.  The enumerated claims are:

> – Violation of "42 U.S.C. § 1983 Equal Protection and Due Process – official capacity acting and conspiracy."
>
> – Violation of "Title VII Civil Rights Act of 1964."
>
> – Violation of "Title I Race Discrimination in Federally Funded Program 42 U.S.C. 2000d."[2]
>
> – Violation of "Nondiscrimination of in Federal Funded Program 31 U.S.C. 370(h)."[3]
>
> – Violation of "United States Constitution, Due Process Rights and Equal Protection Clauses of 14th Amendment."

---

[2]    Plaintiff presumably means Title VI of the Civil Rights Act.

[3]    Title 31 of the United States Code does not contain a section 370(h).  This appears to be a secondary reference to the Title VI claim.

3

–       Violation of "New York State Constitution Due Process and Equal Protection Clauses."

–       Violation of "New York State Executive Law Section 290 *et seq.*"

–       Violation of "New York State Fraud and Deceit interference with prospective contractual relationships business plan."

–       Violation of "New York State Laws Intentional Infliction of Emotional Distress, Pain and Suffering."

The complaint asks the Court to grant the case class action status, for a declaratory judgment directing the Board and others to "put together a distinguished panel to complete impact study cost analysis" and "that District commits to funding 5000 Role Models of Excellence Project if panel recommends," and for judgment of $5 million in compensatory damages and $5 million in punitive damages.

## SUMMARY OF ARGUMENT

Even with the latitude afforded *pro se* litigants, a Plaintiff must allege facts that support a plausible claim.  Here Plaintiff has alleged a wide range of facts, many in great detail.  But he has failed to plead facts that demonstrate, or even support any reasonable inference, that he has suffered a harm that can be remedied by this Court.

Most fundamentally, Plaintiff does not allege any property or liberty interest sufficient to support a claim under Section 1983, or under federal anti-discrimination laws.  He is not a student, or an employee, or a candidate, or a business owner.  He alleges he founded an organization to advocate for the interests of young black males, but does not claim his

4

organization had any contractual or other relationship with the District, and in fact complains about the District's refusal to adopt a <u>different</u> mentoring model—the 5000 Role Models of Excellence Program—to which he claims no connection.  Further, although the Plaintiff's ultimate complaint—that the District has not done enough to advance programs to mentor young black men—directly involves race, there are no facts alleged that indicate any discrimination against <u>him</u> on the basis of race.  His many complaints about his treatment by the District are not tied in any way to his race, or to any legally protected interest.

The Plaintiff's state law claims should be dismissed, as there is no reason for the Court to exercise pendant jurisdiction, and each state law cause of action fails to state a claim.  Although Plaintiff makes no effort to connect his list of causes of action to any of the previous 62 paragraphs, that is not a failure of advocacy.  The simple fact is that the many, many facts alleged simply do not amount to any cognizable claim.

Finally, the complaint does not seek relief that this Court can provide.  Aside from his request for damages, Plaintiff asks this Court to micromanage the District's decisions, based on nothing more than the Plaintiff's preferences.  The complaint should be dismissed.

## ARGUMENT

### I.    THE COMPLAINT DOES NOT STATE ANY PLAUSIBLE CLAIM

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled relief."  This complaint is neither.  But it does contain what appear to be all of the facts that plaintiff can muster, and certainly enough to demonstrate the complaint should be dismissed.

The pleading standards announced in *Bell Atlantic Corp. v. Twombly*[4] apply to constitutional claims.[5]  "Only a complaint that states a plausible claim for relief survives a motion to dismiss."[6]  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[7]  Pleaded "facts" are accepted as true; legal conclusions are not.  Likewise, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[8]

Here, despite an overwhelming amount of detail, the alleged facts simply do not support a claim.  Even though the Court must read the pleadings "liberally" and distill from the

---

[4]    550 U.S. 544 (2007).

[5]    *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *see also Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009).

[6]    *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 129 S.Ct. at 1950) (internal quotations omitted).

[7]    *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949-50) (internal quotations omitted).

[8]    *Twombly*, 550 U.S. at 555.

complaint the "strongest" arguments to be raised,[9] the complaint has deficiencies that cannot be cured.  "Dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleadings requirements."[10]  Similarly, "[t]hat a plaintiff is proceeding *pro se* does not exempt plaintiff 'from compliance with relevant rules of procedural and substantive law.'"[11]  Each claim asserted suffers from multiple, and fatal, deficiencies.

## II.     THE PLAINTIFF LACKS STANDING

A threshold inquiry in any federal court action is whether the plaintiff has standing.  This inquiry is required by Article III's case or controversy requirement.[12]  A federal court may not decide an action unless the plaintiff establishes:

> First...an "injury in fact"–an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'"  Second there must be a causal connection between the injury and the act complained of—the injury has to be "fairly...trace[able] to the challenged action of the defendant, and not...the result [of] the independent action of some third party not before the court."  Third, it must be "likely" as opposed to merely "speculative," that the injury will be redressed by a favorable decision."[13]

---

[9]     *Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 531 (S.D.N.Y. 2012) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

[10]    *Id.* (quoting *Carvel v. Ross*, 2011 U.S. Dist. LEXIS 25203 (S.D.N.Y. Feb. 16, 2011)); *see also Hills v. Liberty Mut. Ins.*, 14-CV-03285, 2015 U.S. Dist. LEXIS 33394, *3-4 (W.D.N.Y. Mar. 18, 2015).

[11]    *Palmer v. Safetec of Am.*, 11-CV-00702A, 2012 U.S. Dist. LEXIS 101302, *9 (W.D.N.Y. May 31, 2012) (quoting *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 285 (E.D.N.Y. 2000).

[12]    *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009).

[13]    *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

Here the Plaintiff has not pleaded a legally protected interest.  He has not alleged that he has a financial interest in the mentoring program, has no property at stake, and he has identified no concrete injury.  Nor does the complaint suggest a remedy that a federal court could impose, beyond his demand for damages.  To the extent the complaint can be read to advocate the rights of students in the Buffalo schools, the Plaintiff has no standing to do so.[14]  Nor does Plaintiff satisfy any of the criteria for "third party standing" set out by the Supreme Court in *Powers v. Ohio*,[15] even if he had pleaded a proper claim.

### III.    PLAINTIFF'S § 1983 CLAIM FAILS

Similar to Plaintiff's lack of standing, his § 1983 claim fails because he has failed to articulate a protectable property or liberty interest.  Plaintiff has not claimed a property interest in the 5000 Role Models program.   At most he was advocating for a program he believed would be beneficial to young black men in Buffalo.  But he pleads no personal connection to the program, and certainly no property interest in it.  At most his input was initially invited by the District, and according to the complaint later rejected.  That does <u>not</u> create a property interest.

As spelled out by the Supreme Court in *Bd. of Regents v. Roth*,[16] a protectable property interest requires that "a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate

---

[14]    *See generally Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 8 (2004).

[15]    499 U.S. 400, 411 (1991) ("The litigant must have suffered an 'injury in fact' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.").

[16]    408 U.S. 564 (1972).

8

claim of entitlement to it."[17] Here, neither Plaintiff's proposal, nor the board's resolution directing the Superintendent to study the 5000 Role Models of Excellence Program, created any "entitlement" to the program's acceptance, or any obligation for the District to include Plaintiff in that process. The failure to meet this threshold requirement mandates dismissal.[18]

Nor does the complaint identify a "liberty interest" entitled to constitutional protection. Although the courts have recognized that "liberty" is more than just freedom from physical restraint, the complaint does not allege any statutory or other entitlement, or any fundamental right, recognized as a protected interest. Although certain interests of parents may be entitled to constitutional protection, Plaintiff's interest in a particular mentoring program is not.

The Plaintiff's equal protection claim, asserted pursuant to § 1983 and as a direct claim under the 14th Amendment, fails to allege that any actions were taken by the District on account of his race.[19] While he does allege that he is a black male, at no point does he allege that the District or any of its representatives took any action, or failed to act, because of his race.

---

[17]    *Id.* at 577.

[18]    *See, e.g., Zahra v. Town of Southold*, 48 F.3d 674, 680 (2d Cir. 1995).

[19]    To the extent the Court treats the Plaintiff's equal protection claim as a "class of one" claim, *see, e.g., Harlan Assocs. v. Inc. Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001), he has failed to plead the basic requirements that he was treated differently than other similarly situated individuals, and that the disparate treatment was either (a) irrational and wholly arbitrary or (b) motivated by animus. *Id.* at 499-500.

9

There is no claim that the District favored some other individual, or group, on the basis of race,[20] nor are there facts from which any inference of discrimination could be drawn.

The Plaintiff's § 1983 claims against the District also fail because he does not allege a policy or practice on its part that led to any alleged injury. The Supreme Court in *Monell v. Dep't of Social Services of The City of New York* held that "a municipality cannot be held liable *solely* because it employs a tortfeasor," but only for its own wrongs.[21] Specifically, municipal liability can only be based upon enforcement of a municipal policy or practice that violated a plaintiff's federally protected right.[22] Here, while Plaintiff recites unhappiness with the District, none of the facts alleged reach the level of a policy or practice. Instead, he claims that various individuals ignored his input and concerns. None of the alleged conduct amounts to a policy or practice.

## IV.    TITLE VII APPLIES ONLY TO EMPLOYMENT

The Plaintiff's Title VII claim fails because he has not alleged he was an employee of the District, or that he ever sought employment from the District. His claim under New York's Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, fails for the same reasons. Further, he has failed to pursue or exhaust the administrative remedies required to bring a Title VII claim.

---

[20]   *See generally LaTrieste Rest. & Cabaret v. Village of Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994).

[21]   436 U.S. 658, 691 (1978); *see also Manolov*, 952 F. Supp. 2d at 536; *Hickock v. Orange Cnty. Cmty. Coll.*, 472 F. Supp. 2d 469, 473 (S.D.N.Y. 2006).

[22]   *Monell*, 436 U.S. at 691-92.

Under Title VII it is unlawful to discriminate against an employee, or an applicant for employment, "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The statute defines "employee" as one would expect: "an individual employed by an employer." 42 U.S.C. § 2000e(f). The statute covers only "employees in a direct relationship with the employer."[23] Plaintiff's failure to plead he was employed, or sought to be employed, by the District is fatal to this claim.[24]

The failure under Title VII also dooms Plaintiff's claim under New York's Human Rights Law. "It is well established that New York Courts look to federal case law in analyzing discrimination claims brought under the [Human Rights Law]."[25] The claims also must be dismissed for failure to exhaust administrative remedies. Plaintiff does not plead that he has filed a discrimination charge with either the EEOC or the State Division of Human Rights,[26] or obtained a right to sue letter.[27]

---

[23]  *Delbert v. Duncan*, 923 F. Supp. 2d 256, 259 (D.D.C. 2013) (quoting *Spirides v. Reinhardt*, 613 F.2d 826, 829 (D.C. Cir. 1979)).

[24]  *See id.* at 259-60.

[25]  *Perez de Leon-Garritt v. State Univ. of New York at Buffalo*, 14-CV-456S, 2014 U.S. Dist. LEXIS 177839, *23 (W.D.N.Y. Dec. 29, 2014); *see also Miller Brewing Co. v. State Div. Human Rights*, 66 N.Y.2d 937, 938-39 (1985); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1 (2d Cir. 2000), *abrogated in part on other grounds as stated in Khan v. Hilton Worldwide*, 2015 U.S. Dist. LEXIS 20638 (Feb. 20, 2015); *Patterson v. Xerox Corp.*, 732 F. Supp. 2d 181, 190 n.3 (W.D.N.Y. 2010).

[26]  *See* 42 U.S.C. § 2000e-5(e) and (f).

[27]  *See, e.g.*, *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000); *Dollinger v. State Ins. Fund*, 44 F. Supp. 2d 467, 474 (N.D.N.Y. 1999).

## V.  THE COMPLAINT DOES NOT PLEAD A TITLE VI CLAIM

The Plaintiff also appears to include a Title VI discrimination claim.

Title VI prohibits 'any program or activity receiving Federal financial assistance' from excluding or otherwise discriminating against any individual on the basis of race, color, or national origin. 42 U.S.C. § 2000d.  To state a claim of discrimination under Title VI, the plaintiff must plausibly allege, inter alia, that the defendant engaged in discrimination based on race, the discrimination was intentional, and the defendant's discriminatory intent was a substantial or motivating factor for its actions.[28]

The complaint fails to meet any of these requirements.  Although Plaintiff alleges that he is a black male, he does not allege that the District treated him differently because of his race, that it favored individuals of a different race at his expense, or that the District's decision to proceed with a different group was based on, or manifested, any discriminatory intent.

## VI.  PLAINTIFF'S STATE CONSTITUTIONAL CLAIMS MUST BE DISMISSED

Although the Plaintiff brings a claim under the New York State Constitution's due process and equal protection clauses, he does not allege any additional facts to support those claims.  It is well recognized that the equal protection clauses[29] and the due process clauses[30] of the Federal and New York State Constitutions are co-extensive.  "Accordingly, the conclusion that Plaintiffs' federal equal protection and due process rights were not violated dictates the

---

[28]   *Perez de Leon-Garritt*, 14-CV-456S, 2014 U.S. Dist. LEXIS 177839, at *10-11; *see also Roggenbach v. Touro Coll. of Osteopathic Med.*, 7 F. Supp. 3d 338, 347 (S.D.N.Y. 2014).  Plaintiff also lists 31 U.S.C. § 370 as supporting a discrimination claim, but no statute with that citation exists.

[29]   *See, e.g., Town of Southold v. Town of East Hampton*, 477 F.3d 38, 53 n.3 (2d Cir. 2007); *Pinnacle Nursing Home v. Axelrod*, 928 F. 2d 1306, 1317 (2d Cir. 1999).

[30]   *Coakley v. Jaffe*, 49 F. Supp. 2d 615, 628 (S.D.N.Y. 1999).

conclusion that the Plaintiffs' parallel rights under the state constitution were also not infringed."[31]  These claims must be dismissed.

## VII.   <u>THE STATE LAW TORT CLAIMS MUST BE DISMISSED</u>

The Plaintiff includes a number of state law causes of action in his complaint. These should be dismissed for two reasons.[32]  Initially, none of the claims – for fraud, tortious interference, and intentional infliction of emotional distress – are supported by factual allegations necessary to support the cause of action under New York law.  Second, given the failure of each of Plaintiff's federal claims, the court should decline to exercise jurisdiction over these claims.

**A.     Intentional Infliction of Emotional Distress**

Perhaps the most clearly deficient claim is for intentional infliction of emotional distress.  In New York a successful claim for intentional infliction of emotional distress requires conduct "toward another person in a manner so shocking and outrageous that it exceeds all

---

[31]    *Febres v. City of New York*, 238 F.R.D. 377, 392 (S.D.N.Y. 2006); *see also Coakley*, 49 F. Supp. 2d at 628.

[32]    It also appears that plaintiff's claims are barred based on his failure to satisfy notice of claim requirements.  New York Education Law § 3813(2) requires that a tort action against any school district must be preceded by a written and verified notice of claim, served on the school district in compliance with General Municipal Law § 50-e.  N.Y. Educ. Law § 3813 (2) (McKinney's 2009).  *See Caruso v. Massapequa Union Free Sch. Dist.*, 478 F. Supp. 2d 377, 384 (E.D.N.Y. 2007).  The General Municipal Law requires the notice of claim be served on the school district within 90 days of the claim arising.  Here, Plaintiff served a Notice of Claim on March 3, 2014.  Although the complaint alleges some conduct within 90 days of that filing, his principal complaint is with a report prepared on November 12, 2013, more than 90 days prior to the Notice of Claim.

reasonable bounds of decency."[33] Nothing alleged in the complaint remotely approaches this standard. Unreturned phone calls and e-mails are about the most "outrageous" conduct alleged. Nor has the Plaintiff pleaded any of the remaining elements: intent to cause emotional distress, a causal connection, and actual severe emotional distress.[34] This claim should be dismissed with prejudice.

**B.     Fraud**

Plaintiff also recites a fraud claim, but has failed to plead any of the necessary elements.[35] Initially, the complaint fails to allege a <u>material</u> misrepresentation. Plaintiff often recites the word false, but never when the alleged statement could be material. For example, he pleads that the date of a conference call is incorrect (Complaint, ¶¶ 56-57), but not how that amounts to fraud.

Similarly, the Plaintiff has not pleaded reliance, not pleaded that the statements were made for the purpose of inducing his reliance, and has not articulated any injury. And while he pleads many details, the claim fails to satisfy Federal Rule of Civil Procedure 9(b) because it does not allege the facts supporting the fraud with particularity.

---

[33]     2A N.Y. P.J.I. 3:6, p. 55 (2d Ed.); *see generally Marmelstein v. Kehillat New Hempstead*, 11 N.Y.3d 15, 22-23 (2008); *Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 143 (1985).

[34]     *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 121 (1993).

[35]     A fraud plaintiff must plead and prove a misrepresentation or material omission of fact, which was false and known to be false by the defendant, for the purpose of inducing another's reliance, actual reliance on the statement or omission, and injury. *See Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 178 (2011).

**C.      Tortious Interference**

Plaintiff also includes a claim for interference with prospective contractual relations.  Although he is mixing two separate causes of action, given that the Plaintiff has not alleged the existence of a contract his claim must be for interference with prospective economic relations.  Once again the complaint makes no effort to plead any of the elements;[36] notably, there is no allegation that Plaintiff had a business relationship with the mentoring program he was advocating, no claim that the District used wrongful means or in any way interfered with Plaintiff's business relationship with the mentoring program, and no resulting harm.  Failing to accept the Plaintiff's proposal was not tortious.  Moreover, New York decisions are clear that the defendant must be a "stranger" to the relationship.[37]  Here, the School District was the entity to which Plaintiff made his proposal.  The District cannot tortuously interfere with a prospective contract – whatever it might be – where it would be a party.

**D.      Declining Pendant Jurisdiction**

With the dismissal of Plaintiff's federal claims, even if the Court concludes that Plaintiff has adequately pleaded a state law claim, this Court should decline to exercise jurisdiction.  Although there exists supplemental jurisdiction, a district court may decline to exercise it if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. §

---

[36]      The elements are the defendant's knowledge of plaintiff's business opportunity, its intentional interference with it, the use of wrongful means or actions for the sole purpose of inflicting harm, a showing that the business relationship would have succeeded "but for" the defendant's interference, and resulting damages. *See NBT Bancorp. Inc. v. Fleet/Norstar Fin. Grp., Inc.*, 87 N.Y.2d 614 (1996).

[37]      *See, e.g., Koret, Inc. v. Christian Dior, S.A.*, 161 A.D.2d 156, 157 (1st Dep't 1990); *Kassover v. Prism Venture Partners, LLC*, 53 A.D.3d 444, 449-50, (1st Dep't 2008).

1367(c)(3).  "Although there is no 'mandatory rule to be applied in all cases,' it is clear that 'in the usual case in which all federal-law claims are eliminated before trial,' the balance of factors will weigh in favor of declining to exercise supplemental jurisdiction."[38]  Here the Court has not invested any time in this case beyond this motion, and all other prudential considerations counsel dismissal.

---

[38]    *TPTCC NY, Inc. v. Radiation Therapy Servs.*, 453 Fed. Appx. 105, 107 (2d Cir. 2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  *See also Manolov*, 952 F. Supp. 2d at 536.

## **CONCLUSION**

The Plaintiff *pro se* has failed to plead any viable claims, under either federal or state law.  This is not because he failed to plead facts; he has, in great abundance.  But his principal complaint — that the District did not pursue a particular mentoring plan — simply does not support <u>any</u> cognizable claim.

Respectfully, the District asks this Court to dismiss the complaint with prejudice.  Further, it is within the Court's authority, when faced with a complaint that fails to state a claim against <u>all</u> defendants, even if not served, to dismiss the complaint in its entirety.  It would advance the fair and efficient administration of justice to do so here.  The complaint should be dismissed.

Dated:          March 30, 2015

                                    **HODGSON RUSS LLP**
                                    *Attorneys for Defendant Buffalo Board of Education*

                                    By:    s/ Joseph S. Brown
                                              Karl W. Kristoff
                                              Joseph S. Brown
                                    The Guaranty Building
                                    140 Pearl Street, Suite 100
                                    Buffalo, NY  14202-4040
                                    716.856.4000

17