UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

CHARLES BURGIN,

                              Plaintiff,

    v.

BUFFALO BOARD OF EDUCATION; FORMER
BUFFALO PUBLIC SCHOOLS SUPERINTENDENT
PAMELA C. BROWN; ASSOCIATE SUPERINTENDENT
BUFFALO PUBLIC SCHOOLS WILL KERESZIES;
DIRECTOR OF SOCIAL STUDIES BUFFALO PUBLIC
SCHOOLS CHARLES BRANDY; INTERIM
SUPERINTENDENT BUFFALO PUBLIC SCHOOLS
DONALD A. OGILVIE; BOARD OF EDUCATION
MEMBER CARL PALADINO; BOARD OF EDUCATION
MEMBER PATRICIA PIERCE; BOARD OF EDUCATION
MEMBER LAWRENCE QUINN; BOARD OF
EDUCATION MEMBER THERESA HARRIS-TIGG;
BOARD OF EDUCATION MEMBER BARBARA SEALS-
NEVERGOLD,

                              Defendants.

Case No.: 15-CV-0201S

---

### DECLARATION OF KEVIN M. KEARNEY

Kevin M. Kearney, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

    1.    I am a member of Hodgson Russ, LLP, counsel for all Defendants in this action.

    2.    On behalf of defendant Buffalo Board of Education, the firm filed a motion to dismiss all claims on March 30, 2015. At that time the remaining defendants had not

been served.

      3.    All remaining defendants have now received the Summons and Complaint, and acknowledge service.

      4.    The grounds for dismissal of the Complaint set out in the District's motion apply to all of the defendants. The remaining defendants respectfully adopt the District's Memorandum of Law, dated March 30, 2015 and the arguments contained therein, in support of their motion, and ask the court to schedule the two motions together.

      5.    As pointed out in the District's Memorandum, one of the Complaint's significant failings is that it does not allege conduct by the defendants that is actionable. He alleges on information and belief that "Board members Carl Paladino, Patricia Pierce, Lawrence Quinn, James M. Sampson, along with interim Superintendent Donald A. Olgilvie, all intentionally and willfully ignored written requests from the plaintiff for a meeting...." Complaint, ¶ 16. Although Plaintiff does include a number of paragraphs describing his communications to Mr. Paladino, see *id.* at ¶ 21-29, his principal allegation is that Mr. Paladino did not respond to his communications. *Id.* at ¶¶ 25, 27, 29.

      6.    Plaintiff makes similar claims about Mr. Quinn and Ms. Pierce, again alleging the failure of either to respond to his correspondence. Complaint ¶¶ 38-39. The Complaint makes no mention of Mr. Sampson beyond paragraph 16, and the allegations concerning former Superintendent Brown amount to little more than her not following through on what plaintiff believed was a commitment to his preferred mentoring program, and not properly investigating what plaintiff believes was misconduct by district employees in preparing

2

an inaccurate report. Taking all of the plaintiff's allegations of fact as true, the Complaint simply fails to state any claim cognizable by this Court.

7.      In addition to the failure to allege actionable conduct, the individual defendants are plainly entitled to immunity for any constitutional claims. Nothing alleged in the Complaint suggests that any of the defendants violated any clearly established Federal law.

8.      Some complaints are deficient because they fail to allege facts in sufficient detail. That is not the case here. Plaintiff has recounted the relevant facts at great length, and his thoroughness is the best evidence that he does not have a grievance that can be addressed or remedied by a federal court. The complaint should be dismissed with prejudice.

Dated:      August 26, 2015

s/ Kevin M. Kearney<br>
Kevin M. Kearney