UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHARLES BURGIN,

                                                    Plaintiff,

        v.                                                                          Civil No.: 15-CV-0201-S

BUFFALO BOARD OF EDUCATION, FORMER BUFFALO
PUBLIC SCHOOLS SUPERINTENDENT PAMELA C.
BROWN, ASSOCIATE SUPERINTENDENT BUFFALO
PUBLIC SCHOOLS WILL KERESZTES, DIRECTOR OF
SOCIAL STUDIES BUFFALO PUBLIC SCHOOLS
CHARLES BRANDY, INTERIM SUPERINTENDENT
BUFFALO PUBLIC SCHOOLS DONALD A. OGILVIE,
PRESENT BUFFALO BOARD OF EDUCATION JAMES M.
SAMPSON, BOARD OF EDUCATION MEMBER CARL
PALADINO, BOARD OF EDUCATION MEMBER
LAWRENCE QUINN, BOARD OF EDUCATION MEMBER
PATRICIA PIERCE, BOARD OF EDUCATION MEMBER
THERESA HARRIS-TIGG, BOARD OF EDUCATION
MEMBER BARBARA SEALS NEVERGOLD, FORMER
CHAIRMAN AND EXECUTIVE DIRECTOR OF UNITED
BLACK MEN'S THINK TANK OF BUFFALO, L. NATHAN
HARE,

                                                    Defendants.

_____

## ANSWER TO SECOND AMENDED COMPLAINT

        Defendant L. Nathan Hare ("Defendant" or "Hare"), by his attorneys Hodgson

Russ LLP, for his Answer to the Second Amended Complaint, alleges upon information and

belief as follows:

        1.        Denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19,

20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, 43, 44, 45, 46, 47,

48, 49, 50, 51, 53, 54, 55, 57, 58, 60, 61, 62, 63, 64, 65, 66, 67, 70, 71,  72, 73, 74, 75, 76, 77, and 78 of the Second Amended Complaint.

2.      Denies the allegations in paragraphs 40, 42, 68, 79, 81, 82 (1)[1], 83, 84(1), 82(2), 84(2), 85, 86, 88, 89, and 90 of the Second Amended Complaint.

3.      With respect to the allegations in paragraph 52 of the Second Amended Complaint, admits that Exhibit 31 is a document entitled "Mentoring Initiative Update 12/6/13", but denies the remaining allegations in the paragraph.

4.      With respect to the allegations in paragraph 55 of the Second Amended Complaint, Hare admits that exhibit 34 is an e-mail sent by Hosie Arnold to several individuals, including himself, but denies the remaining allegations in the paragraph.

5.      With respect to the allegations in paragraph 59 of the Second Amended Complaint, states that this allegation is a legal conclusion to which no response is required.

6.      As to the allegations in paragraphs 69, 80, 83, and 87 of the Second Amended Complaint, Defendant Hare repeats and realleges the responses to the prior paragraphs of the Second Amended Complaint as if fully set forth herein.

7.      Denies each and every allegation not specifically addressed above.

8.      Denies that the plaintiff is entitled to any damages or any relief sought in the Second Amended Complaint.

---

[1]      The Second Amended Complaint contains two paragraphs numbered 82, 83, and 84.

## DEFENSES

The Second Amended Complaint is presented in conclusory and vague terms, which prevents Hare from anticipating all claims and defenses that may be applicable in this action.  Thus, Hare reserves the right to assert additional defenses that may become known during the course of discovery or during any other proceeding in this action.  Further by setting forth the defenses below, Hare does not assume any burden of proof that otherwise does not exist as a matter of law.

## FIRST DEFENSE

1.      The Second Amended Complaint, in whole or in part, fails to state a cause of action upon which relief may be granted.

## SECOND DEFENSE

2.      Plaintiff's claims are barred, in whole or in part, for failing to comply with applicable service of process requirements.

## THIRD DEFENSE

3.      To the extent plaintiff alleges fraud, plaintiff's claims are barred, in whole or in part, because his fraud claim is not plead with particularity.

## FOURTH DEFENSE

4.       Any fault of Hare, which Hare denies, does not constitute proximate cause of any injury or damages.

## FIFTH DEFENSE

5.      Hare treated the plaintiff in good faith and without malice at all times.

- 3 -

## SIXTH DEFENSE

6.      Hare was not personally involved in all of the acts complained.

## SEVENTH DEFENSE

7.      Plaintiff's claims are barred, in whole or in part, because Hare did not cause plaintiff any compensable damages.

## EIGHTH DEFENSE

8.      Plaintiff's claims are barred, in whole or in part, because Hare did not owe, or subsequently breach any duty to plaintiff.

## NINTH DEFENSE

9.      Plaintiff's claims are barred, in whole or in part, because any alleged injury suffered by plaintiff is not compensable.

## TENTH DEFENSE

10.      Plaintiff's claims are barred, in whole or in part, because any alleged injuries were caused by others whom Hare had no responsibility or control over.

## ELEVENTH DEFENSE

11.      Plaintiff's claims are barred, in whole or in part, because plaintiff lacks capacity, standing, and/or authority to bring his claims.

## TWELFTH DEFENSE

12.      This Court lacks subject matter jurisdiction over some or all of plaintiff's claims.

## THIRTEENTH DEFENSE

13.    To the extent plaintiff alleges conspiracy, plaintiff's claims are barred, in whole or in part, because plaintiff has not set forth the requisite predicate acts leading to a charge of conspiracy.

## FOURTEENTH DEFENSE

14.    Plaintiff's claims are barred, in whole or in part, because any allegation of Hare's potentially culpable conduct was not the cause of plaintiff's alleged injury.

WHEREFORE, L. Nathan Hare demands judgment dismissing the Second Amended Complaint in its entirety, together with reasonable costs and attorney's fees, and such other and further relief as this Court seems just and proper.

Dated:  Buffalo, New York
        July 31, 2018

HODGSON RUSS LLP
*Attorneys for Defendant L. Nathan Hare*

By:    s/Joseph S. Brown
        Joseph S. Brown
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Tel:  716.856.4000
jsbrown@hodgsonruss.com

- 5 -