UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Charles Burgin,

                                      Plaintiff,

      v.

Kriner Cash, *in his official capacity as*
  *Superintendent of Buffalo Public Schools*, et al.,

                                      Defendants.

**Decision and Order**

15-CV-201S

---

## I. INTRODUCTION AND BACKGROUND

"Plaintiff Charles Burgin is the founder of Brotherman's Progress Mentors Matter Advocacy, a group dedicated to advocating for minority male students in the Buffalo, N.Y., public school system. In 2013 and 2014, Burgin worked to have the Buffalo Board of Education adopt a mentoring program called '5000 Role Models of Excellence Project' in the Buffalo public schools. After the Board of Education ultimately declined to adopt the program, Burgin sued here *pro se* on behalf of himself and at-risk minority male students and their parents, alleging a number of federal and state claims." (Dkt. No. 29 at 1.) After filing his initial complaint (Dkt. No. 1), plaintiff has amended his complaint twice. (Dkt. Nos. 18, 30.) In a motion filed on November 28, 2018 (Dkt. No. 47), plaintiff seeks to amend his complaint yet again.

The sole issue behind the pending motion to amend is plaintiff's desire to sue former Buffalo school superintendent Pamela Brown in a personal capacity. This Court settled previously that, up to this point, Brown's connections to plaintiff's allegations were through her position as a school superintendent—that is, in an official capacity only. (*See* Dkt. No. 45.) The Court consequently dismissed Brown because plaintiff never alleged personal involvement by Brown and never served Brown personally. Under Rule 25(d), the Court automatically substituted the current

school superintendent, Kriner Cash. Plaintiff nonetheless wants to sue Brown in a personal capacity and has submitted a proposed third amended complaint to do so. (Dkt. No. 47-1.) The Court has reviewed the proposed third amended complaint and finds that it is identical to the second amended complaint in all substantive respects. The Court also takes note that the caption of the proposed third amended complaint lists Brown as "Pamela C. Brown, acting in personal capacity Buffalo Public Schools [sic]." (Dkt. No. 47-1 at 1.) Defendants also have noted a blurring of personal and official capacities and have submitted the following argument as their principal opposition to the pending motion:

> Here, Plaintiff is seeking—once again—to amend his complaint: this time in order to insert PAMELA C. BROWN (hereinafter "Ms. Brown") in her personal capacity. As the court noted, throughout the progression of Plaintiff's complaints, Ms. Brown was solely presented in her official capacity. *See* Dkt. 45. Throughout the three prior iterations of Plaintiff's complaints, Ms. Brown was never sited in her personal capacity. While this may in fact be an oversight, as Plaintiff claims, Plaintiff has repeatedly failed to cure deficiencies by amendments that were previously allowed.
>
> Ms. Brown was the Superintendent, and therefore, the leader of the City of Buffalo Public Schools at the time of the alleged incident that precipitated the complaint. All of the cognizable allegations in the complaint related to actions Ms. Brown would have taken in her official capacity, which, arguably, might account for Plaintiff's failure to include her in her personal capacity. While Plaintiff lists several District employees as defendants, Ms. Brown is obviously a key figure in Plaintiff's allegations, and as such, no excuse warrants Plaintiff's "oversight."

(Dkt. No. 50 at 3.)

## II. DISCUSSION

Under the circumstances here, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citation omitted). "An amendment to a pleading will be

2

futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted).

After reviewing the proposed third amended complaint and the motion papers, the Court has concluded that adding Brown in her personal capacity would be futile. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks and citations omitted). The only references to Brown in the proposed third amended complaint consist of allegations concerning appointing someone to a certain Board of Education impact study (Dkt. No. 47-1 at 9); certain issues related to institutional committee work (*id.*); and institutional invitations to certain speakers that never issued but should have (*id.* at 13); among other similar allegations. Brown would not have been in any position to act as plaintiff has alleged had she, at all relevant times, been only a private citizen. *Cf. Douglas v. Miller*, 864 F. Supp. 2d 1205, 1221 (W.D. Okla. 2012) (finding futility in "claims asserted against [a defendant prosecutor] in his individual capacity to the extent that such claims are based on conduct which is protected by prosecutorial immunity"); *Van Deelen v. Alamogordo Pub. Sch.*, No. CV 07-171 MV/LCS, 2008 WL 11417175, at *13 (D.N.M. Mar. 14, 2008) (finding futility where the plaintiff "alleges absolutely no facts in his amended complaint showing that any school board member did anything while acting in an individual, as opposed to in a corporate or official, capacity and the Court will not give [the plaintiff] yet another opportunity to amend his complaint"). No ordinary private citizen would have been able to continue committee work or to issue invitations as plaintiff appears to have wanted. Brown was in a position to do these things, or not to do them, only because she was

Superintendent of Buffalo Public Schools during the times described in plaintiff's pleadings.  *Cf. Cabrera v. Municipality of Bayamon*, 622 F.2d 4, 6 (1st Cir. 1980) ("Neither the original nor the amended complaint contains specific allegations of extraofficial wrongdoing that would give any substance to a suit against the mayor in his private capacity.").  Consequently, adding Brown in a personal capacity would serve no purpose.  The core of plaintiff's allegations remains that the institution of the Superintendent's office, and the institution of the Board of Education, made certain promises and did not follow through.  Substituting Kriner Cash for Brown under Rule 25(d) preserves plaintiff's ability to explore his allegations during pretrial discovery.  Plaintiff still has the option of taking a deposition of Brown via third-party subpoenas, if he chooses to do so and subject to any applicable restrictions under the rules.  Plaintiff has all of these options under the current operative complaint.  Barring unusual developments during pretrial discovery, the amendment that plaintiff currently seeks will add nothing meaningful.

If plaintiff, as a *pro se* litigant, needs guidance on how to proceed through pretrial discovery or how to separate official and personal capacities then the Court encourages him to contact the Clerk's Office for information about the Pro Se Assistance Program.

## III. CONCLUSION

For the above reasons, the Court denies plaintiff's motion to amend (Dkt. No. 47).

SO ORDERED.

                                          __/s Hugh B. Scott_____
                                          Hon. Hugh B. Scott
                                          United States Magistrate Judge

DATED: December 27, 2018